UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS E. ROTHMAN, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-2261 (RDM) |

**UNITED STATES' PRE-MOTION NOTICE OF ANTICIPATED MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR PRE-MOTION CONFERENCE**

## INTRODUCTION

On April 28, 2025, President Donald J. Trump removed Laura G. Ross and Defendants Thomas E. Rothman and Diane Kaplan from their positions as board members of the Corporation for Public Broadcasting ("CPB"). Since then, Defendants Rothman and Kaplan have been usurping and purporting to exercise unlawfully their former offices.[1] They have persisted in doing so even after they filed a lawsuit challenging their removal and moved for preliminary injunctive relief, and this Court denied that motion on the basis that they were not likely to succeed in their challenge to their removal. *See* Mem. Op. & Order at 13-21, *Corp. for Pub. Broad. v. Trump*, Civ. A. No. 25-1305 (RDM) (D.D.C. June 8, 2025), ECF No. 32 ("*CPB v. Trump*").

The United States filed this quo warranto action to oust Defendants from their usurped offices, and the United States intends to move for summary judgment. Summary judgment is appropriate because the material facts of Defendants' unlawful usurpation are established by the public statements of Defendants and the CPB in court and on the CPB's website. The President (through his aide) informed Defendants that he was removing them as board members of the CPB, yet Defendants have continued to purport to act as board members. This case boils down to a legal dispute, whether the President had lawful authority to remove them. As explained below, and as this Court already determined was likely the case in its preliminary ruling in *CPB v. Trump*, he did. Therefore, Defendants' continued purported service constitutes unlawful usurpation. The United States requests a pre-motion conference at the Court's earliest convenience.

## BACKGROUND

The CPB is a corporation created by Congress that advances governmental purposes

---

[1] Ms. Ross initially usurped the role of board member and was named as a Defendant in the Complaint. However, after she acknowledged that she no longer serves as a director, the United States voluntarily dismissed its claims against her without prejudice. *See* Rule 41(a)(1)(A) Notice of Voluntary Dismissal of Claims Against Defendant Laura G. Ross, ECF No. 6.

subject to statutory restrictions by deploying appropriated taxpayer dollars.  CPB is overseen by a Board consisting solely of Senate-confirmed Presidential appointees.[2]  Congress created the CPB in the Public Broadcasting Act of 1967 (the "Act").  Pub. L. No. 90-129, 81 Stat. 365, *codified at* 47 U.S.C. § 390, *et seq*.  Congress determined that the CPB would advance various governmental purposes, including serving the "public interest" by "encourag[ing] the growth and development of public radio and television broadcasting" and "nonbroadcast telecommunications technologies for the delivery of public telecommunications services." 47 U.S.C. § 396(a)(1), (2).  The CPB is governed by a "Board of Directors," which, when fully staffed, "consist[s] of 9 members appointed by the President, by and with the advice and consent of the Senate." *Id.* § 396(c)(1).  The Act contains no explicit provision protecting Board members from removal, such as a for-cause removal restriction.  The Act also states that the CPB is subject to D.C. Nonprofit Corporation Act to the extent that statute is consistent with the Act. *See id.* § 396(b). The District of Columbia Nonprofit Corporation Act, in turn, creates a default rule that the power to remove board members at will is incident to the power of appointment: "Except as otherwise provided in the articles of incorporation or bylaws, a director who is appointed by persons other than the members may be removed with or without cause by those persons." D.C. Code § 29-406.08(e).

      Defendants served as board members of the CPB until April 28, 2025.  Compl. ¶¶ 10-12. On April 28, 2025, President Trump removed Defendants from their positions via email from one of his aides.  *Id.* ¶ 26.  Since April 28, 2025, Defendants have usurped their former offices as board members of the CPB and continued to purport to act as board members.  They have done so by

---

[2] For a fuller statement of relevant background, see the government's brief opposing preliminary injunctive relief in *CPB v. Trump*.  Defs.' Opp'n to Pls.' Mot. for Temp. Restraining Order, *CPB v. Trump*, ECF No. 11, at 3-9.

participating in board meetings, voting on resolutions and other business that comes before the board, and presenting themselves to the public as board members. *See id.* ¶¶ 27-35.

## LEGAL STANDARDS

"Summary judgment is warranted if a party can 'show[] that there is no genuine dispute as to any material and [that the party] is entitled to judgment as a matter of law.'" *Husain v. Power*, 630 F. Supp. 3d 188, 194 (D.D.C. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is 'material' if it could affect the outcome of the litigation under governing law, and a dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citations omitted).

Under the federal quo warranto statute,

> A quo warranto may be issued from the United States District Court for the District of Columbia in the name of the United States against a person who within the District of Columbia usurps, intrudes into, or unlawfully holds or exercises, a franchise conferred by the United States or a public office of the United States, civil or military. The proceedings shall be deemed a civil action.

D.C. Code § 16-3501.

## ARGUMENT

**I.     The President Lawfully Removed Defendants as Board Members of the CPB**

At its base, "the power of removal [is] incident to the power of appointment." *In re Hennen*, 38 U.S. 230, 259 (1839). This is doubly true for appointments by the President, as "it was very early adopted, as the practical construction of the Constitution, that [the removal] power was vested in the President alone." *Id.* at 259 (explaining resolution of the removal debate of 1789 in Congress). Courts have long recognized "the background presumption that the President may remove anyone he appoints." *Severino*, 71 F.4th at 1044; *see also Myers*, 272 U.S. at 126 ("In the absence of any specific provision to the contrary, the power of appointment to executive office carries with it, as a necessary incident, the power of removal."). Thus, "to 'take away' the power

3

of at-will removal from an appointing officer, Congress must use 'very clear and explicit language.' '[M]ere inference or implication' does not suffice." *Kennedy v. Braidwood Mgmt., Inc.*, 145 S. Ct. 2427, 2448 (2025) (quoting *Shurtleff v. United States*, 189 U.S. 311, 315 (1903)); *accord Severino*, 71 F.4th at 1044 ("Congress must make it clear in a statute if it wishes to restrict the President's removal power" over a Presidential appointee). "When Congress wants to depart from the default of at-will removability and instead furnish for-cause protection, it knows how to do so" by enacting for-cause removal provisions, as Congress has done "[i]n many statutes." *Braidwood*, 145 S. Ct. at 2448. The Act grants the President authority to appoint board members (with Senate confirmation), 47 U.S.C. § 396(c)(1), and contains no restriction, let alone a clear and explicit restriction, on his removal authority. Therefore, the Act authorizes the President to remove board members at will.

Defendants have suggested in *CPB v. Trump* that precedents regarding the President's removal authority have no application here because the CPB should be viewed as a wholly nongovernmental, private corporation. Defendants are incorrect. Even where, as here, a statute provides that a government-created corporation is not a government agency, 47 U.S.C. § 396(b), it is still considered part of the government for constitutional purposes where "the Government creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation." *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374, 399 (1995). Although *Lebron* involved a First Amendment claim, the Supreme Court later applied the same analysis to conclude that the same corporation was also "a governmental entity for purposes of the Constitution's separation of powers provisions." *Dep't of Transp. v. Ass'n of Am. R.Rs.*, 575 U.S. 43, 53-54 (2015). Under this test, CPB is governmental because it was "create[d]" "by special law," *Lebron*, 513 U.S. at 399;

4

*see* 47 U.S.C. § 396(b) (authorizing the CPB's creation), "for the furtherance of governmental objectives," *Lebron*, 513 U.S. at 399; *see* 47 U.S.C. § 396(a) (listing those objectives), and the federal government "retains for itself permanent authority to appoint . . . the directors of" the CPB, *Lebron*, 513 U.S. at 399; *see* 47 U.S.C. § 396(c)(1) (all board members appointed by the President with Senate confirmation).

In any event, even if Plaintiffs were correct that the CPB should be viewed as a purely private nonprofit corporation, application of the D.C. Nonprofit Corporation Act would produce the same result: the President had authority to remove Defendants. That act sets the same default rule for board members as the governing executive removal precedents, that the power to remove is incident to the power to appoint. Specifically, the D.C. statute provides that "[e]xcept as otherwise provided in the articles of incorporation or bylaws, a director who is appointed by persons other than the members may be removed with or without cause by those persons." D.C. Code § 29-406.08(e). As of April 28, 2025, when the President removed Defendants, neither the Articles of Incorporation nor the Bylaws of the CPB contained any restriction on the President's authority to remove board members. Compl. ¶ 46. Therefore, under the D.C. Nonprofit Corporation Act, because the CPB's board members are "appointed by" the President, the President had authority to "remove[] them "with or without cause." the President. D.C. Code § 29-406.08(e). Indeed, this Court correctly (albeit preliminarily) concluded in *CPB v. Trump* that this provision likely authorized the President's removal of Defendants. *See* PI Order, *CPB v. Trump*, at 15.[3]

---

[3] On May 15, 2025, the CPB board purportedly amended the bylaws to restrict the President's authority to remove board members. *See* Compl. ¶ 47. But Defendants were removed on April 28, 2025, seventeen days before the purported adoption of the amendment to the bylaws. Therefore, even if that amendment were duly adopted and lawful, "the President (as the appointing person) was authorized to remove the three directors at the time he acted." PI Order, *CPB v. Trump*, at 15. Moreover, the amendment was purportedly adopted by the board that included the three

5

## II. Defendants Are Usurping Their Former Offices as CPB Board Members

Despite having been removed by the President, Defendants have continued to purport to act as board members. Defendants have participated in multiple board meetings and have voted on matters coming before the board. *See* Compl. ¶¶ 29-32. Defendants continue to hold themselves out as board members, including on the CPB's website. *See id.* ¶ 35; CPB, Board of Directors, https://perma.cc/YL9Y-ZKT7 (captured July 15, 2025). The same day this Court rejected Defendants' preliminary injunction motion in *CPB v. Trump*, the CPB defiantly issued a press release stating that "the three individuals whom the President purported to remove, Laura G. Ross, Thomas E. Rothman, and Diane Kaplan, are, remain, and shall continue to be directors of the Board of the Corporation for Public Broadcasting." CPB, Press Release, Court Recognizes CPB's Independence; Board Members Remain (June 8, 2025), https://perma.cc/ZJ6N-VVZV.

## III. The Federal Quo Warranto Statute Provides a Remedy for Defendants' Usurpation

All the requirements for a quo warranto are satisfied here. For the reasons described above, Defendants are "usurp[ing], intrud[ing] into, and unlawfully hold[ing] or exercis[ing]" the office of board member of the CPB. D.C. Code § 16-3501; *see supra*, pp. 3-5. The office of board member of the CPB is a "public office of the United States." D.C. Code § 16-3501. It was created by federal statute, which established that board members are "appointed by the President, by and with the advice and consent of the Senate." 47 U.S.C. § 396(c)(1). In addition, the CPB is considered part of the United States government under standards set by the Supreme Court. *See supra*, pp. 4-5; *Lebron*, 513 U.S. at 599; *Ass'n of Am. R.Rs.*, 575 U.S. at 53-54. Because the CPB is a D.C. corporation with a corporate address in the District, Compl. ¶¶ 10-13, Defendants are usurping this office "within the District of Columbia." D.C. Code § 16-3501.

---

removed board members, who were then usurping their positions. *See* Compl. ¶ 49. That flaw renders the purported amendment null and void.

6

Respectfully submitted,

| | |
|---|---|
| JEANINE FERRIS PIRRO<br>United States Attorney | CHAD MIZELLE<br>Acting Associate Attorney General |
| | STANLEY E. WOODWARD, JR.<br>Counselor to the Attorney General |
| By:  /s/ Brian P. Hudak<br>　　BRIAN P. HUDAK, D.C. Bar<br>　　#90034769<br>　　Chief, Civil Division<br>　　U.S. Attorney's Office<br>　　601 D Street, NW<br>　　Washington, DC 20530<br>　　(202) 252-2500 (main) | BRETT A. SHUMATE<br>Assistant Attorney General,<br>Civil Division<br><br>YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General,<br>Civil Division<br><br>ALEXANDER K. HAAS<br>Director,<br>Federal Programs Branch<br><br>JACQUELINE COLEMAN SNEAD<br>Assistant Director,<br>Federal Programs Branch |
| | By:  /s/ Jeremy S.B. Newman<br>　　JEREMY S.B. NEWMAN<br>　　Trial Attorney<br>　　United States Department of Justice<br>　　Civil Division, Federal Programs Branch<br>　　1100 L Street, N.W.<br>　　Washington, DC 20005<br>　　(202) 532-3114 |
| Dated: July 28, 2025 | *Attorneys for the United States of America* |