IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIANE KAPLAN, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 25-2261 (RDM) |

**DEFENDANT DIANE KAPLAN'S NOTICE REGARDING PRE-MOTION
CONFERENCE OF AUGUST 27, 2025**

Defendant Diane Kaplan, through undersigned counsel, respectfully submits this notice in response to the United States' Pre-Motion Notice of Anticipated Motion for Summary Judgment and Request for Pre-Motion Conference. Ms. Kaplan is a defendant in this action and a plaintiff in the related case *Corporation for Public Broadcasting v. Trump*, Civil Action No. 25-1305 (RDM) ("*CPB v. Trump*"). The Court has directed the parties to appear for a pre-motion conference on August 27, 2025.

For the reasons explained below, Ms. Kaplan anticipates seeking to hold this case in abeyance until the Court issues a summary judgment decision in *CPB v. Trump*. Because of the significant overlap in the substantive issues raised by the two actions, parallel briefing would waste party and judicial resources. But there are also important additional issues raised by this suit that the Court's ruling in *CPB v. Trump* could obviate the need for briefing. For example, Ms. Kaplan anticipates arguing, in the alternative to the position that President Trump did not lawfully remove her, that she is not usurping a public office because (1) she is not exercising the powers of a "public office" under the quo warranto statute, and (2) at any rate, she is serving as a member of a

designated body pursuant to relevant bylaws and D.C. law. To avoid duplicative briefing of the issues pending in *CPB v. Trump*, and to allow the parties and Court to determine whether briefing of additional issues is necessary, the Court should pause this case and direct the parties to file a joint status report by one week after the Court issues a summary judgment decision in *CPB v. Trump*.

**BACKGROUND**

Ms. Kaplan is the sole defendant in this action and one of three remaining plaintiffs in *CPB v. Trump*, along with the Corporation for Public Broadcasting ("CPB") and its Board of Directors (the "Board"). At the time the government filed its Pre-Motion Notice on July 28, 2025, Ms. Kaplan was unrepresented in this action. Undersigned counsel are newly retained and are submitting this notice shortly after entering their appearances.

On April 28, 2025, Ms. Kaplan and two other Board members received an e-mail from one of President Trump's aides, purporting to notify them that their positions on the Board were terminated. *See* Compl. ¶ 34, *CPB v. Trump*, ECF No. 1. This e-mail stated in full: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Corporation for Public Broadcasting is terminated effective immediately. Thank you for your service." *Id.* ¶ 35.

The next day, April 29, 2025, Plaintiffs filed their complaint and motion for temporary restraining order in *CPB v. Trump* (ECF Nos. 1 & 2). Plaintiffs asked the Court to "[d]eclare that the email purporting to remove Plaintiffs . . . is of no legal effect" and to issue a temporary restraining order "prohibiting the Defendants from taking any action which gives effect to the [April 28, 2025 e-mail] or otherwise seeks to interfere with or control the governance and operations of CPB." Compl. at 22, *CPB v. Trump*, ECF No. 1. On June 8, 2025, the Court denied Plaintiffs' motion "without prejudice to Plaintiffs renewing their motion should Defendants (or

those acting in concert with them) take steps to interfere in the independence of the Corporation." Mem Op. & Order at 4, *CPB v. Trump*, ECF No. 32.[1] The parties then proceeded to summary judgment briefing on the following schedule: (1) Plaintiffs filed their motion and opening brief on July 25, 2025 (ECF No. 35); (2) Defendants' opposition and cross-motion are due on or before August 29, 2025; (3) Plaintiffs' reply and opposition are due on or before September 19, 2025; and (4) Defendants' reply is due on or before October 10, 2025. *See* Minute Order of June 29, 2025, *CPB v. Trump*.

On July 15, 2025, the government filed this quo warranto action against the three individual plaintiffs in *CPB v. Trump*, two of whom were voluntarily dismissed after resigning or stating that they no longer held the office. *See* ECF Nos. 1, 6, 8; Minute Orders of July 29, 2025 and Aug. 1, 2025. Ms. Kaplan is the sole remaining defendant in this action. Her answer to the complaint is due on October 3, 2025, *see* ECF No. 10, and there are no other pending filing deadlines.

At a May 14, 2025 hearing in *CPB v. Trump*, the Court recognized that CPB may continue to operate through a "designated body," a mechanism available under its bylaws and D.C. law. *See, e.g.*, May 14, 2025 Tr. 7 ("[W]hy not then take advantage of the designated body provision?"); *id.* at 8 ("[A]t least until the case is resolved, why not just designate individuals pursuant to the designated body provision of the DC law and the bylaws?"); *id.* at 8 ("[T]he DC Nonprofit Corporation Act and your bylaws contemplate that . . . there is a mechanism that allows [CPB] to continue to operate through a designated body."). Following the hearing, the President and CEO of CPB appointed a contingent designated body that includes Ms. Kaplan.

---

[1] At the parties' request, the Court converted Plaintiffs' motion for a temporary restraining order to a preliminary injunction motion. *Id.* at 3.

**LEGAL STANDARD**

"Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). "The power . . . 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *P.J.E.S. by & through Francisco v. Mayorkas*, 652 F. Supp. 3d 103, 110 (D.D.C. 2023) (quoting *Drug Reform Coordination Network, Inc. v. Grey House Publ'g, Inc.*, No. 14-cv-701, 2015 WL 13668667, at *1 (D.D.C. Aug. 5, 2015)).

Under D.C. Code § 16-3501, "[a] quo warranto may be issued from the United States District Court for the District of Columbia in the name of the United States against a person who within the District of Columbia usurps, intrudes into, or unlawfully holds or exercises, a franchise conferred by the United States or a public office of the United States, civil or military." To demonstrate its entitlement to summary judgment in this civil action, the government in its anticipated motion will need to show that there is "no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and it will "bear[] the initial responsibility" of "identifying those portions" of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court then views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011).

**ARGUMENT**

The Court should hold this action in abeyance until it has issued a summary judgment decision in *CPB v. Trump*, so that the parties can consider that ruling, evaluate the extent of overlap between the cases, and propose a reasonable and efficient way forward in this case. With respect to the substance of the government's proposed summary judgment motion, Ms. Kaplan expects to argue at the appropriate time that: (1) she is not usurping a public office because the purported termination had no legal effect; and (2) in the alternative, she is not usurping a public office because (a) she is not exercising the powers of a "public office" under the quo warranto statute, and (b) at any rate, she is serving as a member of a designated body pursuant to D.C. law. The "public office" issue is fundamentally a question of D.C. law that is not at issue in *CPB v. Trump*. And Ms. Kaplan's service as a member of the designated body likewise is not at issue there.

Holding this matter in abeyance will conserve judicial and party resources, as well as streamline the proceedings and promote clear and consistent briefing in the two actions. Because the parties' briefing in *CPB v. Trump* has focused on whether the President had the authority to remove Ms. Kaplan—an argument that also operates as a defense to the allegation that Ms. Kaplan is usurping a public office—the issues in the two cases overlap. At the same time, there are additional arguments in the quo warranto action that are not part of *CPB v. Trump*, and that might not need to be briefed depending on the Court's decision in that matter—among them the arguments that Ms. Kaplan is not usurping a public office because she is not exercising the powers of a "public office" and is serving as a member of the designated body. By briefly pausing this litigation until summary judgment proceedings in *CPB v. Trump* are complete, the parties and Court can avoid duplicative briefing, benefit from the overlap between the two cases, and identify

the issues on which additional, case-specific briefing should take place in the quo warranto action, if indeed any such briefing is at that point required.

Pausing the litigation for this discrete purpose will not unduly delay the case or otherwise prejudice the government. The government filed the quo warranto action on July 15—more than a month after the Court denied Plaintiffs' preliminary injunction motion in *CPB v. Trump*—and submitted its Pre-Motion Notice on July 28. More recently, the government sent a request to waive service to Ms. Kaplan, giving her until October 3 to respond to the complaint. *See* ECF No. 10. At any rate, there is no emergency that necessitates expedited decisionmaking here: regardless of whether President Trump's purported removal of Ms. Kaplan was effective, she is serving as a member of the designated body, a capacity in which she possesses all the authorities of a presidentially appointed Board member except removal. *See* By-laws of the Corporation for Public Broadcasting, as amended May 15, 2025, art. 5, Section 5.01, https://cpb.org/sites/default/files/CPB%20BY-LAWS%20AS%20AMENDED%20MAY%2015%202025%20.pdf ("All references to rights and responsibilities of the Board, in these By-Laws, the Articles of Incorporation, or applicable statutes, shall apply to a Designated Body which shall be authorized to perform the functions of the Board in that instance, with the exception of the authority to remove Directors under the D.C. Nonprofit Corporation Act."). The parties should follow an orderly and efficient briefing schedule with respect to any proposed summary judgment motion.

If the Court concludes that this action should be held in abeyance, Ms. Kaplan respectfully requests that the Court direct the parties to file a joint status report by one week after the Court issues a summary judgment decision in *CPB v. Trump*. At that time, the parties will be well-

positioned to assess the overlap between the cases and propose a path forward in the quo warranto action.

Dated: August 26, 2025

Respectfully submitted,

/s/ Trisha Anderson
Trisha Anderson (D.C. Bar 497224)
Kaitlin Konkel (D.C. Bar 1021109)
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
tanderson@heckerfink.com
kkonkel@heckerfink.com

*Counsel for Defendant Diane Kaplan*